AMARIAH K. KALLOCK *vs.* SAMUEL B. PERRY and another.

*Trespass quare clausum.*

When a wife has been divorced from her husband for his fault, and has left her furniture and other property upon his premises, he cannot maintain trespass *quare clausum* against her servants, after divorce, for peaceably entering at her command and removing her goods and chattels so left.

TRESPASS *quare clausum.*

MOTION FOR NEW TRIAL by the plaintiff, who alleges that the verdict against him was not in accordance with the law and the evidence.

*D. N. Mortland,* for plaintiff.

*Rice & Hall,* for defendants.

APPLETON, C. J.   This is an action of trespass *quare clausum.* The gist of the action is the breaking and entering.

It is admitted that the plaintiff had been divorced from his wife upon her libel.   Being divorced upon her libel it was for fault on his part.   A portion of the household furniture claimed by the wife remained upon the premises occupied by the husband.   The defendants entered as the servants of the wife to aid her in its removal.   They were not forbidden to enter.   They removed only what belonged to the wife, and did this without injury to the plaintiff's premises.   So the jury must have found to have rendered the verdict they did.   The property of the wife was left in the house occupied by the plaintiff and his wife before the divorce.   It was on the plaintiff's premises by his consent.   Upon the divorce the wife had a right to its possession and control.   An entry made by her for the purpose of its removal, peacefully, without objection or resistance on the part of her former husband, and a removal of the same without injury to the premises, was but the exercise of

her legal rights.   It was no wrong done to the plaintiff.   As she might remove her own property, so she well might call in the assistance of others to aid in its removal.   *Wheelden* v. *Lowell*, 50 Maine, 504.

No exceptions are taken to the rulings of the presiding justice. There was contradictory testimony upon the various questions submitted to the jury, but it was for them to determine what was the truth of the case and to that determination the parties must submit, for there is no such preponderance of evidence on the part of the losing party as would justify our interference.

*Motion overruled.*

CUTTING, WALTON, DANFORTH, and PETERS, JJ., concurred.